**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § |
| | § |
| LAWRENCE ARCHER, | §   No. SA-14-CR-787-XR |
| | § |
| *Defendant.* | § |
| | § |
| | § |
| | § |

**ORDER**

On this day came on to be heard Defendant's motion to suppress. The Defendant is charged with Possession of a Firearm by a Prohibited Person. Defendant seeks to have verbal statements he made after his arrest and during transport to the police station suppressed because no *Miranda* warnings were administered to him. The motion is granted in part and denied in part.

The incident was videotaped with a police camera. At about 17:02:48, the officer enters the patrol car. The defendant has already been arrested and is seated in the back seat of the patrol car. At about 17:03:05, the Defendant initiates a discussion with the officer asking him: "What made you stop right there?" The officer responds stating: "Saw you having that pistol." The Defendant again initiates a conversation stating: "You saw it?" The officer then responds: "Then you turned away from me and it made it more suspicious." A few seconds pass and the Defendant again initiates the conversation by asking: How come you didn't get out with your gun then?" The officer responds: Cause you already f_ _ _ ing set it up on the side of the bed of the truck."

1

All of the above statements were voluntarily initiated by the Defendant, were not coerced and were not made while under any interrogation. The motion to suppress any of those statements is denied. These statements are analogous to *U.S. v. Richardson*, 427 F.3d 1128 (8th Cir. 2005)(vacated on other grounds)(defendant's unprompted statement from back of police car that he was responsible for drugs but not gun, made prior to *Miranda* warning, was voluntary). *See also U.S. v. Brent*, 300 F. App'x. 267 (5th Cir. 2008); *U.S. v. Banks*, 115 F. App'x. 698 (5th Cir. 2004).

At 17:03:50, however, the officer then initiates a conversation with the Defendant asking: "Why did you have it in the red bag?" Although the Government argues that the officer's question was only meant to keep the conversation going or to request clarification of an ambiguous statement, or "small talk," and relies upon *U.S. v. Gonzales*, 121 F.3d 928 (5th Cir. 1997) and *U.S. v. Rommy*, 506 F.3d 108 (2d Cir. 2007). These cases can be distinguished. Here, as stated above, there initially was no interrogation and the Defendant voluntarily made his statements. Thereafter, however, there was silence and the officer began to question the Defendant. Interrogation, for purposes of *Miranda*, includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).[1] The officer's question asking about the red bag and the subsequent questions were reasonably likely to induce an incriminating statement. Any statements made by

---

[1] The Court recognizes this is a close call and the law is very unsettled in this area. "[W]here a person in custody volunteers incriminating information to the police, simple clarifying questions do not necessarily constitute interrogation," necessitating fresh or first-time Miranda warnings. *Rommy*, 506 F.3d at 133 (collecting cases). What constitutes permissible "simple clarifying questions" and what are impermissible "attempts to expand the scope of the statement previously made" can reasonably be viewed differently. This Court agrees with the approach taken by the Court in *U.S. v. Hicks*, 546 F.Supp.2d 1378, 1381 (N.D. Ga. 2008) that the initial statements were voluntary and not an interrogation, but the later questions became an interrogation. Also complicating this matter is that after the officer's questions, the Defendant may have later resumed making voluntary statements that were not in response to any question posed by the officer.

the Defendant after 17:03:50, when an interrogation began, and prior to any *Miranda* warnings being given are suppressed. *Miranda* warnings must be administered prior to a custodial interrogation. *U.S. v. Cavazos*, 668 F.3d 190, 193 (5th Cir. 2012).

    SIGNED this 15th day of December, 2014.

    XAVIER RODRIGUEZ
    UNITED STATES DISTRICT JUDGE